UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

|  |  |  |
|---|---|---|
|  | : | CASE NO.  2:23-mc-00049 |
| IN RE:  ZACH MOSELEY | : | JUDGE JAMES D. CAIN, JR. |
|  | : | MAGISTRATE JUDGE KAY |

# ORDER

Hearing was held on multiple cases, including this case, before this court on April 26, 2023. Among the matters set for hearing were *sua sponte* orders issued in several cases in which R. William Huye, III, former Louisiana managing partner of McClenny Moseley & Associates, PLLC ("MMA") law firm, was ordered to appear and show cause why he should not be sanctioned for violations of his obligations under Rule 11 of the Federal Rules of Civil Procedure.[1] Also set for hearing that date were Motions to Intervene in several existing lawsuits filed on behalf of MMA seeking to preserve any lien it may have on proceeds of that litigation and other motions related to those attempted interventions.[2] In attendance at the hearings were counsel from several firms who have assumed representation of various former MMA clients.

---

[1] *Badon v. Liberty Mutual Fire Insurance Co., et al.,* 2:22-cv-3375; *Franks v. Dover Bay Specialty Ins. Co, et al.,* 2:22-cv-3495; *Lucius v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-3919; *Tuck v. State Farm Fire & Cas. Co. et al.*, 2:22-cv-3945; *Robinson v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4053; *Sample v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4150; *Fontenot v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4253; *Smith v. State Farm Fire and Cas. Co., et al.*, 2:22-cv-4284; *Frazier v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4343; *Johnson v. State Farm Fire & Cas. Co., et al*., 2:22-cv-4350; *Thomas v. State Farm Fire & Cas. Co., et al*., 2:22-cv-4437; *Jackson v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4450; *Mallet v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4464; *LaRive v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4560; *Mallett v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4579; *Granger v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4719; and *Duplantis v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4890.

[2] *Semmes v. Liberty Mutual Fire Ins. Co., et al.*, 2:22-cv-3494; *Jones-Bell v. Imperial Fire & Cas. Ins. Co*., 2:22-cv-3855; *Theriot v. State Farm Fire & Cas. Co., et al.*, 2:22-cv-4083; and *Lafleur v. Allstate Vehicle & Prop. Ins. Co.*, 2:22-cv-4257.

- 2 -

Representations from counsel in attendance, as well as the court's review of materials submitted by Mr. Huye and Mr. Moseley in response to the Rule 11 show cause orders, established clearly to this court that, despite the multiple admonitions about its behavior in this district, MMA continues to counteract this court's efforts to secure the "just, speedy, and inexpensive determination" of actions filed in this district, as required by Rule 1 of the Federal Rules of Civil Procedure, by engaging in mass-emails and robo-texts to former clients attempting to advise them, the clients, of how they, the clients, should proceed now that MMA has been suspended from practice in this district. These communications are not at all helpful but rather appear to be in aid of MMA's efforts to reach agreements outside this court's purview to secure payment from proceeds of the numerous lawsuits it has filed.

So that this court may continue in its efforts to dispose of the lawsuits filed by MMA without continued interference by MMA, it is

**ORDERED** that **Zach Moseley** and **McClenny Moseley & Associates, PLLC law firm** and/or anyone associated with the firm, is strictly prohibited from contacting any former clients here in the Western District of Louisiana (defined as any person on whose behalf MMA attorneys filed a complaint), either directly; through an agent such as an adjuster, estimator, call center, or process server; or via mass and/or automated communication. Should this court become aware of any violations of this order, Zach Moseley and McClenny Moseley & Associates, PLLC, should expect to be ruled back into this court to show cause why penalties should not be issued commiserate with any violations proved.

THUS DONE AND SIGNED in Chambers this 4th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE